**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WILLIAM MOORE-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:09-cv-1170-SEB-DML |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Plaintiff's
Request that Case Proceed as a Class Action**

  Rule 23(a) of the *Federal Rules of Civil Procedure* establishes four prerequisites for class certification: "(1) [that] the class is so numerous that joinder of all its members is impracticable, (2) [that] there are questions of law or fact common to the class, (3) [that] the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) [that] the representative parties will fairly and adequately protect the interests of the class." Class certification is not appropriate unless the named plaintiffs establish all four prerequisites. *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982). Pursuant to Rule 23(a)(4), the district court may certify a class only if it first determines that "the representative parties will fairly and adequately protect the interests of the class." Adequacy of representation is measured by a two-pronged test: there must be an "absence of . . . potential conflict between the named plaintiffs and the absent class members," and "the parties' attorneys [must] be qualified, experienced, and generally able to conduct the proposed litigation." *Margolis v. Caterpillar, Inc.,* 815 F. Supp. 1150, 1157 (C.D.Ill. 1991). In this action Moore-Bey meets neither prong. *First,* he is a member of the class he apparently seeks to represent, and courts have held that "the potential for conflicts of interest militates against certifying a class in which the class representatives seek to also act as class counsel." *Loden v. Edgar,* 1994 WL 97726, at *1 (N.D. Il. Mar. 22, 1994); *see also Wagner v. Taylor,* 836 F.2d 578, 595-96 & n.126 (D.C.Cir. 1987). *Second,* Moore-Bey is a pro se litigant, has no evident resources to proceed in the fashion he proposes, and is confined to prison. He clearly does not have the resources or training necessary to represent his putative class adequately. *See Lasley v.*

*Godinez,* 833 F. Supp. 714, 715 n.1 (N.D.Ill. 1993) (pro se prisoners could not adequately represent class of inmates); *Turner-El v. Illinois Board of Education,* 1994 WL 27874, at *1 (N.D.Ill. Jan. 31, 1994) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant.") (citations omitted) (citing *Phillips v. Tobin,* 548 F.2d 408, 413-14 (2d Cir. 1976); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Organization v. Gagnon,* 568 F. Supp. 1186, 1187 (E.D.Wis. 1983)).

The above review of principles applicable to the formation and prosecution of a class action shows why, in this case, pro se plaintiff Moore-Bey's request that this action proceed as a class action must be **denied.**

**IT IS SO ORDERED.**

Date: 09/23/2010

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Moore-Bey
No. 861003
Miami Correctional Facility
3038 W. 850 South
Bunker Hill, IN 46914-9810

Akia Haynes
Office of the Indiana Attorney General
akia.haynes@atg.in.gov