**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WILLIAM MOORE-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:09-cv-1170-SEB-DML |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Partial Motion to Dismiss**

Having considered the pleadings in this civil rights action, the defendants' partial motion to dismiss (dkt 8), and the briefs filed pertaining to such motion,[1] and being duly advised, the court finds that the partial motion to dismiss must be **granted.** This conclusion is based on the following facts and circumstances:

1. William Moore-Bey is confined at the Miami Correctional Facility ("Miami"). Miami is an Indiana state prison operated by the Indiana Department of Correction ("DOC"). The DOC is a defendant in the action, as are DOC employees Ed Buss, Mark Sevier, Sally Stevenson, and Stephen Hall.

2. Moore-Bey describes himself as the Grand Sheik of the members of the Moorish Science Temple of America ("MSTA") at Miami. He alleges in his complaint that the defendants have violated his federally secured rights and have breached a 2006-07 settlement agreement to which he is a third party. Specifically, Moore-Bey alleges that the defendants denied him and the members of the MSTA their right to observe the Moorish New Year at Miami. The action was filed in an Indiana state court, was removed to this court on September 18, 2009. The defendants filed their partial motion to dismiss on October 19, 2009.

---

[1]The plaintiff's opposition to the motion to dismiss has been noted and properly considered, but that response does not amend the complaint or the claims presented in the case.

3. Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 12(b)(6) of those same Rules authorizes dismissal of complaints that state no actionable claim. In conducting an appropriate analysis for this purpose,

> All well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. [*Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)]. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 1973 n. 14, 167 L.Ed.2d 929 (2007)).

*Hale v. Victor Chu*, 2010 WL 3075619, *2 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). In addition, although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

4. The defendants seek dismissal on the grounds that Moore-Bey's claims for injunctive and declaratory relief are barred, that claims for damages against them in their official capacities are barred, that they lack the personal involvement in the actions about which Moore-Bey claims to be liable, that there is no viable claim asserted under the Indiana Constitution, and that no cognizable claim can be asserted here based on the alleged violation of a prior settlement agreement. Applying the foregoing standard to Moore-Bey's complaint, the partial motion to dismiss is **granted** for the reason(s) stated:

> a. The defendant individuals are employed by the DOC. The DOC is an agency of the State of Indiana. Any claim for damages against the defendant individuals in their official capacities as employees of the DOC is "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). These claims are **dismissed** as legally insufficient because (1) the State of Indiana is not a "person" subject to suit pursuant to that statute, and (2) the State cannot be sued in federal court under the circumstances presented here because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

> b. The claim against the DOC is likewise dismissed because it is a state agency.

c. Any federal claim asserted by Moore-Bey is brought pursuant to 42 U.S.C. § 1983. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009). Thus, it is an established ingredient of § 1983 jurisprudence that without personal liability there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). In this instance, Moore-Bey alleges that defendant Stevenson changed the day of the Prophet's Day celebration and denied Moore-Bey's request to celebrate certain religious holidays. However, Moore-Bey never specifies what role, if any, the remainder of the defendants played in the alleged constitutional or contractual violation. Moore-Bey does not allege that defendants Buss, Sevier, or Hall had any involvement in the decision to modify the date of Moore-Bey's religious holidays, deny the request to celebrate certain holidays, or in any other violation of Moore-Bey's rights. Thus, the claims against defendants **Buss, Sevier, and Hall** in their individual capacities are dismissed for failure to state a claim upon which relief can be granted.

d. The claim for damages asserted directly under the Indiana Constitution pursuant to the privileges and immunities clause of the Indiana Constitution, Art. 1, § 23, is dismissed. No such claim can be maintained, because there is no private cause of action for damages under the Indiana Constitution in the circumstances Moore-Bey alleges. *See Smith v. Indiana Dept. of Correction,* 871 N.E.2d 975 (Ind.Ct.App. 2007); *Ratliff v. Cohn,* 693 N.E.2d 530, 542 (Ind. 1998) ("particularized, individual applications are not reviewable under Article 1, Section 18 because Section 18 applies to the penal code *as a whole* and does not protect fact-specific challenges.") (emphasis in original); *Bailey v. Washington Theater Co.,* 34 N.E.2d 17, 19-20 (Ind. 1941).

e. Moore-Bey alleges that he is a third party beneficiary of the settlement agreement in *Granville Radford, et al., v. Department of Correction, et al.,* No. 94-1794-C-T/G (S.D.Ind. Nov. 27, 1996), an agreement he seeks to enforce in this action. In order for a non-contracting third party to have standing to enforce a contract, three prerequisites must be satisfied: (1) a clear intent by the actual parties to the agreement to benefit another party; (2) a duty imposed on one of the contracting parties in favor of the third party; and (3) performance of the contract terms so as to render the intended benefit to the third party. *Ellis v. CCA of Tenn., LLC*, 2010 WL 2605870, 8 (S.D.Ind. 2010) (citing *Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind.App. 2001)). A copy of the 1996 settlement agreement in *Granville* was attached to the complaint. By its own terms, the agreement was effective for three (3) years from August 1996. By its own terms, therefore, the agreement terminated

3

in August of 1999. Moore-Bey does not have standing as a third party beneficiary to enforce this expired settlement agreement. It is unavailable for Moore-Bey to emphasize that the defendants knew of the agreement. Moore-Bey's breach of contract claim is therefore dismissed.

f.  The claim for declaratory judgment against the defendant individuals in their official capacities is dismissed, as is any claim based on a violation of an Indiana statute. As to the former, Indiana sovereign's immunity bars relief. As to the latter. As to the latter, Title 11 of the Indiana Code does not create a private cause of action, and in any event the violation of a state statute is not actionable under § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . .").

5.  This ruling does not resolve all claims against all parties. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 09/24/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Moore-Bey
No. 861003
Miami Correctional Facility
3038 W. 850 South
Bunker Hill, IN    46914-9810

Akia Haynes
Office of the Indiana Attorney General
akia.haynes@atg.in.gov